UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOCQUELLE WRENN, *et al.*, <br><br> Defendants. | Civil Action No. 08-165 (CKK) |

**MEMORANDUM OPINION**
(June 18, 2009)

Presently before the Court is a Motion for Default Judgment filed by Wells Fargo Bank, N.A. ("Wells Fargo"), HSBC USA, Inc. ("HSBC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Plaintiffs") against Defendant Randolph Stevens ("Stevens"). After thoroughly reviewing Plaintiffs' Amended Complaint and attachments, Motion for Default Judgment, relevant case law, statutory authority, and the record of the case as a whole, the Court shall GRANT Plaintiffs' Motion for Default Judgment, for the reasons that follow.

Plaintiffs initiated this action on January 28, 2008. The Amended Complaint alleges that Jocquelle Wrenn ("Wrenn") purchased real property located at 3004 S. Dakota Ave., N.E., Washington, D.C. (hereinafter, the "Property") from Stevens on November 16, 2006. Am. Compl. ¶ 8. The Amended Complaint attached a copy of a Deed executed by Wrenn and Stevens on November 16, 2006. *Id.*, Ex. A (Property Deed).

Wrenn simultaneously entered into a home mortgage loan transaction with New Century Mortgage Corporation, pursuant to which she executed two Promissory Notes and two Deeds of



Trust encumbering the Property. *Id.* ¶ 9. New Century thereafter conveyed its interest in the Promissory Notes and Deeds of Trust. *Id.* ¶ 10. Plaintiff Wells Fargo is the servicer and legal holder of the Promissory Notes, Plaintiff HSBC is the assignee of the Promissory Notes for whose benefit Wells Fargo holds them, and Plaintiff MERS is the legal holder of the Deeds of Trust for the benefit of the holder of the Promissory Notes. *Id.*

Because of a clerical error, the Deed from Stevens to Wrenn and the Deeds of Trust were never recorded with the Recorder of Deeds for the District of Columbia. *Id.* ¶ 11. Although Plaintiffs have the executed Deed, the Recorder of Deeds requires original signatures on both the Deed and accompanying recordation forms. *Id.* ¶ 12. Plaintiffs were unable to obtain Stevens's signature on the necessary recordation forms and, as a result, they have been unable to record the Deed or the Deeds of Trust. *Id.* ¶ 13. Plaintiffs' Amended Complaint seeks an order to (among other things) compel Stevens to re-execute the Deed or related documents necessary for the proper recordation of the transfer of title. *Id.* at 5.

Plaintiffs served Stevens with a copy of the Amended Complaint on March 25, 2008, after which he failed to timely respond. On May 16, 2008, the Court ordered Plaintiffs to either file for default or take other appropriate action to prosecute their case. Although Plaintiffs wanted to move for entry of default, they were unable to do so because they discovered that Stevens was engaged in active military service. Accordingly, Plaintiffs filed a Motion to Appoint Counsel on behalf of Stevens.

The Court granted Plaintiffs' Motion to Appoint Counsel on behalf of Stevens pursuant to the Servicemembers Civil Relief Act on October 8, 2008. The Court appointed Eugene R. Fidell "for the limited purpose of determining Mr. Stevens's location and military status, contacting Mr.

Stevens, and determining his position with respect to Plaintiff's Amended Complaint." Order at 1 (Oct. 8, 2008). Plaintiffs filed a Status Report on December 5, 2008, explaining that Stevens had ceased his military service:

> [t]hrough Mr. Fidell's efforts to contact Defendant Stevens and subsequent research, Plaintiffs no longer believe Mr. Stevens is on active military duty. Previously, the Department of Defense military database had indicated active duty service for Mr. Stevens. The database currently does not indicate such service. Thus, Plaintiffs believe they can now move forward with a default action against Mr. Stevens.

Pls.' Status Report at 1 (Dec. 5, 2008).

The Clerk entered a default against Stevens on January 5, 2009, and Plaintiffs filed the instant [21] Motion for a Default Judgment against Stevens on February 18, 2009. Based on Plaintiffs' well-pleaded allegations in the Amended Complaint and the attachments thereto, the Court finds that Stevens conveyed the subject property to Wrenn and that Plaintiffs have the right to record the Deed and the Deeds of Trust. The Court also finds that Stevens was served with a copy of the Amended Complaint but failed to timely respond, and that a default judgment is appropriately entered against him. Accordingly, the Court shall GRANT Plaintiffs' [21] Motion for Default Judgment against Stevens. An appropriate Order accompanies this Memorandum Opinion.

Date: June 18, 2009

/s/ Colleen Kollar-Kotelly
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

3